IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 39550

STATE OF IDAHO,                                         )
                                                       )
    Plaintiff-Respondent,                              )          Boise, August 2013 Term
                                                       )
v.                                                     )          2013 Opinion No. 108
                                                       )
                                                       )          Filed: November 13, 2013
JOSE ESTEBAN BRUNET,                                    )
                                                       )          Stephen W. Kenyon, Clerk
    Defendant-Appellant.                               )
                                                       )

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

The order of the district court is affirmed.

Sara B. Thomas, Idaho State Appellate Public Defender's Office, Boise, for appellant. Shawn F. Wilkerson Deputy Appellate Public Defender argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Mark W. Olson, Deputy Attorney General argued.

_____

BURDICK, Chief Justice

Jose Esteban Brunet appealed the Ada County district court's order relinquishing jurisdiction and denying his oral motion requesting leniency pursuant to Rule 35 of the Idaho Criminal Rules. Appellant also argued that this Court's order denying his motion to augment the appellate record violated his constitutional rights to due process and equal protection, and would deny him effective assistance of counsel on appeal. We affirm the district court's order and hold that Brunet failed to show that the denial of his motion to augment the appellate record with additional transcripts violated his constitutional rights.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 18, 2010, Brunet was at the victim's home drinking and smoking marijuana while already under the influence of prescription muscle relaxers. When the victim left the room, Brunet noticed the victim's checkbook and took two checks from it. Brunet later forged both

checks, which were eventually cashed for $300.00 each. During an investigation, Brunet admitted to police that he stole and forged the checks and then shared in the proceeds.

The Ada County Prosecuting Attorney charged Brunet with grand theft and forgery. At a hearing on November 12, 2010, Brunet pleaded guilty to grand theft, and the State dismissed the forgery charge pursuant to a plea agreement. On December 23, 2010, the district court sentenced Brunet to an aggregate term of five years, with the first two years fixed; however, the court suspended the sentence and placed Brunet on probation for five years. The court incorporated probation into Brunet's sentence specifically to provide him with "some tools and some resources" to effect personal change in light of his difficult upbringing.

Approximately three months after being placed on probation, Brunet was cited for petit theft. In April of 2011, Brunet was charged with a total of seven probation violations. On May 13, 2011, Brunet admitted to three of the charges and, in exchange, the remaining four were dismissed. Specifically, Brunet admitted to violating his probation by committing the crime of petit theft, failing to notify his supervising officer of that charge, and failing to make himself available for supervision and program participation as instructed by his supervising officer. On May 20, 2011, the district court revoked Brunet's probation and imposed his sentence, but retained jurisdiction.

On December 23, 2011, exactly one year from the date of the original sentencing, the district court held a retained jurisdiction review hearing. There, the district court reviewed what it regarded as a "very negative rider report," which recommended that the court relinquish jurisdiction. The court noted at the hearing that Brunet had not completed any of his programming while on the rider. In preparation for the hearing, the judge reviewed the report from the institution, his own notes from the prior sentencing hearings, and some of the original Presentence Investigation (PSI) materials. At the conclusion of the rider review hearing, the district court relinquished jurisdiction. The court also denied Brunet's oral Rule 35 motion for leniency made during that review hearing and instead ordered that the defendant serve the sentence originally imposed by the May 25, 2011 Judgment and Conviction.

Brunet filed a timely appeal of the district court's order on January 4, 2012. On March 8, 2012, the clerk filed a Certificate of Service for the appellate record. Brunet's brief was originally due to the Court by May 29, 2012. On that date, Brunet filed an extension, and an extended deadline for submission of his brief was set for July 3, 2012. On that second due date,

Brunet again did not file his brief. Instead, he moved to suspend the briefing schedule and augment the record with two as-yet unprepared transcripts of hearings associated with his underlying grand theft conviction. Specifically, Brunet requested transcripts of his November 12, 2010 plea hearing and his December 23, 2010 sentencing hearing. This motion, which was filed nearly six months after his appeal was filed, requested that these transcripts be prepared at public expense. The State objected to the motion on July 10, 2012, and this Court denied the motion on July 13, 2012. At that time, this Court again extended the deadline for the submission of Brunet's brief, this time to August 17, 2012. Brunet complied with the new deadline.

## II. ISSUES ON APPEAL

1. Whether the Idaho Supreme Court violated Brunet's constitutional rights when it denied his motion to augment the appellate record.

2. Whether the district court abused its discretion when it relinquished jurisdiction.

3. Whether the district court abused its discretion when it denied Brunet's oral I.C.R. Rule 35 motion requesting leniency.

## III. ANALYSIS

**A. The Idaho Supreme Court did not violate Brunet's constitutional rights when it denied his motion to augment the appellate record.**

Brunet argued on appeal that by failing to provide him with free copies of the requested transcripts, this Court denied his rights to due process of law and equal protection guaranteed by both the Idaho Constitution and the United States Constitution, which further denied him effective assistance of counsel on appeal. The State argued that Brunet failed to show that the record on appeal was not sufficient. We agree.

1. This Court did not deny Brunet due process of law or equal protection by refusing to order that transcripts be created at public expense for incorporation into the record on appeal.

As stated by this Court in *State v. Strand*:

Both equal protection and due process emphasize the central aim of our entire judicial system—all people charged with crime must, so far as the law is concerned, stand on an equality before the bar of justice in every American court. The State is not required, however, to purchase a stenographer's transcript in every case in which a defendant cannot buy one, nor is the State required to provide a transcript of all proceedings held below. The fact that an appellant with funds may choose to waste his money by unnecessarily including in the record all of the transcripts does not mean that the State must waste its funds by providing what is unnecessary for adequate appellate review. The State is only required to

3

> provide an indigent defendant a record on appeal that is sufficient for adequate appellate review of the errors alleged regarding the proceedings below.

137 Idaho 457, 462, 50 P.3d 472, 477 (2002) (internal quotations and citations omitted).

When an indigent defendant requests that transcripts be created and incorporated into a record on appeal, the grounds of the appeal must make out a colorable need for the additional transcripts. *Mayer v. City of Chicago*, 404 U.S. 189, 195 (1971). In "legal usage, the word 'color,' as in 'color of authority,' 'color of law,' 'color of office,' 'color of title,' and 'colorable,' suggests a kind of holding out and means 'appearance, semblance, or simulacrum,' but not necessarily the reality." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 211 (1970) (Brennan, J. concurring in part and dissenting in part). For example, "[w]hat is color of title is matter of law, and when the facts exhibiting the title are shown, the court will determine whether they amount to color of title. But good faith in the party in claiming under such color, is purely a question of fact, to be found and settled as other facts in the cause." *Wright v. Mattison*, 59 U.S. 50, 59 (1855). Like color of title, colorable need is a matter of law determined by the court based upon the facts exhibited. Brunet argued for the inclusion of the transcripts in order to provide a complete record; however, at no point did Brunet assert that the requested transcripts contained specific information relevant to his appeal. To the contrary, Brunet hypothesized that the lack of these transcripts could prevent him from determining whether there were additional issues to raise, or whether there was factual information contained in the transcripts that might relate to his arguments. Brunet essentially articulated a desire to procure the transcripts to then search the transcripts for a reason to request and incorporate the transcripts in the first place. In layman's terms, Brunet hoped to engage in a "fishing expedition" at taxpayer expense. Mere speculation or hope that something exists does not amount to the appearance or semblance of specific information necessary to establish a colorable need.

Brunet requested transcripts of his original plea hearing and his original sentencing, but he failed to demonstrate a colorable need for those requested transcripts in light of the contents of the existing record on appeal. The minutes of the original plea hearing show that Brunet pleaded guilty to the charge of grand theft, pursuant to a plea agreement, and the State dismissed a forgery charge. The PSI report prepared prior to sentencing, which Brunet did not object to at sentencing, recommended a ten-year sentence, with two years fixed. Under the terms of Brunet's plea agreement, as shown on the written Plea Agreement Advisory, the State agreed to recommend an eight-year sentence, with two years fixed but suspended. Brunet's attorney

4

acknowledged and signed the State's recommendation on the plea advisory. Notwithstanding the ten years recommended by the PSI, or the eight years recommended by the State as acknowledged by both Brunet and his attorney, the district court judge imposed a lighter sentence of five years, with two years fixed. The judge then suspended Brunet's sentence and placed him on probation. Minutes for both of these hearings are part of the record on appeal and these minutes indicate that Brunet did not object to anything presented at either hearing. In addition, subsequent to those hearings, Brunet did not file a timely appeal of his lighter-than-recommended sentence.

It took less than three months for Brunet to violate his probation. After Brunet admitted to multiple probation violations, the district court revoked his probation, imposed his sentence, recommended a rider program, and retained jurisdiction. Brunet was advised of his right to appeal, and again, he elected not to do so.

Following Brunet's dismal performance on his rider at the North Idaho Correctional Institution (NICI), the district court held a review hearing on December 23, 2011. In preparation for the hearing, the district court "reviewed the report from [NICI,]…notes from the prior sentencings[,]…and…some of the original PSI materials." At the conclusion of the hearing, the court denied Brunet's I.C.R. Rule 35 motion and relinquished jurisdiction.

In examining the reasonableness of a sentence, this Court conducts an independent review of the entire record available to the trial court at sentencing, focusing on the objectives of criminal punishment. *State v. Pierce*, 150 Idaho 1, 5, 244 P.3d 145, 149 (2010). The report from NICI and the original PSI materials are part of the appellate record, as well as minutes and orders from the prior sentencing hearings. Therefore, the entire record available to the trial court at sentencing is contained within the record on appeal.

Brunet's oral Rule 35 motion made at the review hearing was a motion for leniency and did not offer any new information (as discussed in Section C. below). As such, this Court's review of the Rule 35 motion would be identical to this Court's review of the sentence originally imposed. "If it was an abuse of discretion to impose the original sentence, then it was an abuse of discretion to deny the Rule 35 motion. Conversely, if it was not an abuse of discretion to impose the original sentence, it was not an abuse of discretion to deny the Rule 35 motion." *State v. Strand*, 137 Idaho 457, 463, 50 P.3d 472, 478 (2002). Neither of Brunet's first two sentences was appealed. The record on appeal includes the court materials reviewed by the

5

district court, the minutes from the original plea hearing, the signed Guilty Plea Advisory, and the minutes and subsequent order from the original sentencing hearing. The State is only required to provide an indigent defendant a record on appeal that is sufficient for adequate appellate review of the errors alleged in the proceeding below. *Id.* at 477. The record here is sufficient.

Therefore, Brunet has failed to demonstrate that he was denied due process or equal protection by this Court's refusal to order the creation of transcripts at taxpayer expense in order to augment the record on appeal.

> 2. Brunet did not show that the requested transcripts were necessary for counsel to provide effective assistance regarding the issues raised in his appeal.

Brunet also argued that this Court's refusal to order the creation of the requested transcripts for incorporation into the record denied him due process by prospectively denying him effective assistance of counsel.

> The right to counsel in criminal actions brought by the state of Idaho is guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 13 of the Idaho State Constitution. To warrant reversal on grounds of ineffective assistance of counsel, a criminal defendant must first show that counsel's performance was objectively deficient and, second, that the deficiency prejudiced the defendant's case.

*McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010) (internal quotations and citations omitted). Brunet failed to demonstrate how his counsel's performance fell below an objective standard of reasonableness without the requested transcripts. Here, the entire record available to the trial court at sentencing is contained within the record on appeal. This record meets Brunet's right to a record sufficient to afford adequate and effective appellate review.

**B. The district court did not abuse its discretion when it relinquished jurisdiction.**

Brunet argued that the district court abused its discretion when it relinquished jurisdiction because the court failed to exercise reason or base its decision on the appropriate legal standards. The State argued that the district court properly considered several relevant factors to arrive at its decision.

> The Legislature has explicitly provided that the decision whether to retain jurisdiction and place the defendant on probation or relinquish jurisdiction to the Department of Corrections is a matter of discretion. I.C. § 19-2601(4). Thus, we review a decision to relinquish jurisdiction for abuse of discretion. A court properly exercises its discretion when it (1) correctly perceives the issue to be one of discretion, (2) acts within the outer boundaries of its discretion and consistently

6

with the legal standards applicable to the specific choices available to it, and (3) reaches its decision by an exercise of reason.

*State v. Latneau*, 154 Idaho 165, ___, 296 P.3d 371, 372 (2013) (internal citation omitted).

Here, the district court initially suspended Brunet's sentence and placed him on probation. Brunet violated his probation a short time later. The district court then imposed Brunet's sentence, but retained jurisdiction and recommended a rider, which the Idaho Department of Corrections implemented. Brunet performed poorly on his rider and NICI recommended that the district court relinquish jurisdiction. "Refusal to retain jurisdiction will not be deemed a 'clear abuse of discretion' if the trial court has sufficient information to determine that a suspended sentence and probation would be inappropriate under [I.C. § 19-2521]." *State v. Statton*, 136 Idaho 135, 137, 30 P.3d 290, 292 (2001) (alteration in the original). The district court reviewed several relevant factors, including Brunet's lengthy criminal history, his failed stint on probation, his poor rider performance, and the mitigating factors related to his childhood that were noted in the PSI. The collective weight of this information was more than sufficient for the district court to determine that Brunet was not a good candidate for any sentencing alternatives, and thus amounted to a reasonable basis for relinquishing jurisdiction. Based upon the procedural history and the facts taken into consideration by the district court, Brunet failed to establish that the district court abused its discretion when it relinquished jurisdiction.

**C. The district court did not abuse its discretion when it denied Brunet's oral I.C.R. Rule 35 motion to reduce his original sentence.**

Brunet argued that his five-year sentence, with two years fixed, was unduly harsh when viewed in light of the mitigating factors present in this matter. The bulk of the mitigating factors Brunet cited were contained in the PSI report, with the only new addition being his realization that he may have benefited from enrolling in a rehabilitation program.

Rule 35 of the Idaho Criminal Rules addresses the correction or reduction of a sentence, and states in part:

> The court may reduce a sentence within 120 days after the filing of a judgment of conviction or within 120 days after the court releases retained jurisdiction. The court may also reduce a sentence upon revocation of probation or upon motion made within fourteen (14) days after the filing of the order revoking probation. Motions to correct or modify sentences under this rule must be filed within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction and shall be considered and determined by the court without the admission of additional testimony and without oral argument, unless otherwise ordered by the court in its discretion.

7

I.C.R. Rule 35(b).

> In applying Rule 35, this Court has noted:
>
> Rule 35 does not function as an appeal of a sentence. Instead, it is a narrow rule allowing a trial court to correct an illegal sentence (at any time) or to correct a sentence imposed in an illegal manner (within 120 days). If a sentence is within the statutory limits, a motion for reduction of sentence under Rule 35 is a plea for leniency, and we review the denial of the motion for an abuse of discretion. When presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the Rule 35 motion. An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information.

*State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007) (internal citations omitted).

During the review hearing, Brunet made an oral Rule 35 motion for leniency. Brunet asked the court to consider "scaling back the fixed time…and to consider placing him…in the Ada County Jail, as opposed to the Department of Corrections." Brunet simply offered the following opinion to support his request:

> The reason that [Brunet] feels that [Ada County Jail] would be a good alternative is because [Brunet] has heard about the ABC class there, and that is something that he is interested in. So despite his past performance, or lack thereof, he does have the idea that he would like to try and participate in rehabilitative programming and try to improve his lot in life, so we ask the court to consider that as an alternative to the State's suggestions.

Brunet's opinion about programming does not constitute "new information" such as would be sufficient basis for a Rule 35 motion. Still, the district court fully understood and took into account Brunet's new opinion toward rehabilitative programming when considering his Rule 35 motion. In making its decision, the district court stated:

> I'm going to decline your invitation [from] your counsel to put you in jail, because if I did that, there would be an expectation that at some shorter period of time you would be put back on the street, and I can't have any confidence that you are going to do the lesser programming that would be made available to you in the jail than the programming, really, that you needed that you turned your head against at the institution. At the end of the day, Mr. Brunet, you haven't given me much to work with. I know this is not the result that you wanted. You haven't done the things that I wanted, so there are two sides at this point. I'm going to follow the recommendation of the Department. I'm going to relinquish jurisdiction. I will have you serve the balance of the sentence. There are other programming options that will be made available to you through the Department of Corrections. You can apply for participation in the CAPP program. You can apply for Therapeutic Community. You can apply for all that programming, but if

8

you don't have a better idea out there, a better attitude about it, Mr. Brunet, they are not going to do it for you.

Because Brunet did not offer any new information in support of his Rule 35 motion, the district court was not required to review his underlying sentence. Therefore, Brunet failed to show that the district court abused its discretion in refusing to grant his motion for leniency.

## IV. CONCLUSION

We hold that Brunet's constitutional rights were not violated by the denial of his request to augment the record. We affirm the district court's order denying Brunet's I.C.R. Rule 35 motion for leniency and relinquishing jurisdiction.

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**