**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41326**

| | |
|---|---|
| STATE OF IDAHO, | 2014 Unpublished Opinion No. 576 |
| Plaintiff-Respondent, | Filed: June 19, 2014 |
| v. | Stephen W. Kenyon, Clerk |
| SANTIAGO R. BURROLA, JR., | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

PER CURIAM

Santiago R. Burrola, Jr. pled guilty to felony domestic violence in the presence of children. Idaho Code §§ 18-903, 18-918(2) and (4). The district court sentenced Burrola to a unified term of ten years with two years determinate and retained jurisdiction. Following the period of retained jurisdiction, the district court placed Burrola on probation for a period of ten years. Subsequently, Burrola admitted to violating several terms of the probation, and the district court ultimately reinstated his period of probation. Several months later, Burrola again admitted to violating several terms of his probation and consequently, the district court revoked his probation and ordered execution of the original sentence.

1

Burrola timely filed an Idaho Criminal Rule 35 motion in which he requested additional time to supplement his motion with supporting documentation and/or other evidence. The district court issued a notice advising the parties that it intended to rule on Burrola's Rule 35 motion with or without supporting material, explaining that the court has jurisdiction to rule on such motions for a reasonable period of time after fourteen days from the date the sentence was imposed. Burrola then filed an addendum to his Rule 35 motion and several days later filed a motion for enlargement of time to file additional supplemental information. The district court granted, in part and denied in part, Burrola's motion for enlargement of time, giving him one week to file any additional materials. Burrola did not file any additional materials by the court's deadline and the district court did not, at that time, rule on the Rule 35 motion.

Several months later, Burrola filed a second addendum to his Rule 35 motion. Within a period of a week, the district court entered an order denying the Rule 35 motion, indicating that the additional information contained in Burrola's second addendum was not timely filed and was not considered by the court. Burrola appeals, asserting that the district court abused its discretion by refusing to consider the supplemental information he provided in his second addendum to his Rule 35 motion. Burrola also asserts that the district court abused its discretion by denying his Rule 35 motion. In addition, Burrola asserts that the Idaho Supreme Court violated his rights to due process and equal protection by denying his motion to augment the record.

The State contends that the district court did not have jurisdiction to consider the merits of Burrola's Rule 35 motion or to grant the requested relief. We agree. If the trial court fails to act upon a Rule 35 motion within a reasonable time after the filing deadline prescribed by the rule, the court will lose jurisdiction to consider and rule upon the motion. *See State v. Chapman*, 121 Idaho 351, 825 P.2d 74, (1992). We conclude that the district court did not have jurisdiction to rule on Burrola's Rule 35 motion.

Moreover, even if the district court had jurisdiction, it did not abuse its discretion in denying the Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In

2

conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984). Applying these standards, Burrola has not shown that the district court abused its discretion in denying his Rule 35 motion.

Burrola also asks this Court to hold that the Idaho Supreme Court deprived him of due process and equal protection when it denied his motion to augment the record. First, since we have determined that the district court lost jurisdiction to consider the Rule 35 motion, any information which was the subject of the motion to augment is irrelevant. Second, we do not have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id.* Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.* Burrola has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence, Burrola asks us to determine that the Idaho Supreme Court violated constitutional law by denying his motion which is beyond the scope of our authority. Finally, Burrola's attempt to distinguish this case from *State v. Brunet*, 155 Idaho 724, 316 P.3d 640 (2013) (reh'g denied), in which the Court required specific information relevant to the appeal, rather than conjecture, is unavailing.

Therefore, the order of the district court denying Burrola's Rule 35 motion is affirmed.