**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40869**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 577** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: June 23, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STEVEN CHRISTOPHER SHEPHERD,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a unified sentence of ten years, with a minimum period of confinement of three years, for sexual abuse of a child sixteen or seventeen years of age. We affirm.

Steven Christopher Shepherd pled guilty to one count of sexual abuse of a child sixteen or seventeen years of age. I.C. § 18-1508A. In exchange for his guilty plea, an additional charge was dismissed. Following his plea, Shepherd was sentenced to a unified term of ten years, with a minimum period of confinement of four years. The district court suspended the sentence and placed Shepherd on probation. Thereafter, Shepherd violated the terms of his probation. The district court revoked probation, but retained jurisdiction for and Shepherd was sent to participate

in the rider program. After Shepherd completed his rider, the district court relinquished jurisdiction. However, the district court sua sponte reduced Shepherd's sentence to a unified term of ten years, with a minimum period of confinement of three years. Shepherd appealed.

After filing this appeal, and before assignment to this Court, Shepherd filed a motion to augment the record with various transcripts from prior proceedings in his case. The state objected to the augmentation, and the Idaho Supreme Court entered an order denying Shepherd's motion. On appeal, Shepherd argues that the Idaho Supreme Court denied him due process when it denied his motion to augment the record. He also contends that the district court erred in relinquishing jurisdiction, that the district court should have further sua sponte reduced his sentence, and his modified sentence is excessive and constitutes an abuse of discretion.

## A. Denial of Motion to Augment Record

Shepherd urges this Court to hold that the Idaho Supreme Court deprived him of due process when it died his motion to augment the record. Shepherd argues he is entitled to the requested transcripts because the failure to provide them is a violation of his constitutional right to due process, equal protection, and the effective assistance of appellate counsel. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id.* Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Shepherd has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence,

Shepherd asks us to determine that the Idaho Supreme Court violated constitutional law by denying his motion.

Even if we were to address Shepherd's claims, the Idaho Supreme Court considered and rejected the same arguments in *State v. Brunet,* 155 Idaho 724, 316 P.3d 640 (2013). In *Brunet*, the Court stated that, "when an indigent defendant requests that transcripts be created and incorporated into a record on appeal, the grounds of the appeal must make out a colorable need for the additional transcripts." *Brunet,* 155 Idaho at 727, 316 P.3d at 643. Colorable need is a matter of law determined by the court based upon the facts exhibited. *Id.* In order to show a colorable need, an appellant must demonstrate the requested transcripts contain specific information relevant to the appeal. *Id.* Hypothesizing that the lack of transcripts could prevent the appellant from determining whether there were additional issues to raise or whether there was factual information contained in the transcripts that might relate to his arguments does not demonstrate a colorable need. *Id.*

Here, Shepherd essentially articulated a desire to procure the transcripts to then search the transcripts for speculative, unidentified issues. Mere speculation or hope that something exists does not amount to the appearance or semblance of specific information necessary to establish a colorable need. Therefore, this claim is without merit.

**B.      Order Relinquishing Jurisdiction and Sentence Review**

Shepherd argues that the district court erred in relinquishing jurisdiction, that his modified sentence is excessive and constitutes an abuse of discretion, and the district court should have further sua sponte reduced his sentence

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Shepherd has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Shepherd also contends that the district court abused its discretion by not further reducing his sentence pursuant to I.C.R. 35 and that his modified sentence is excessive and constitutes an

abuse of discretion. Pursuant to Rule 35, a court may reduce a sentence within 120 days after the court releases retained jurisdiction. Citing *State v. Perry*, 150 Idaho 209, 45 P.3d 961 (2010), the state argues that this issue was not preserved through an objection before the trial court and Shepherd has not shown fundamental error. Until *State v. Clontz*, Docket No. 40419 (Ct. App. May 22, 2014) is final, Shepherd may challenge the district court's failure to sua sponte reduce his sentence. We assume, without deciding, that we may review the district court's decision. A court's decision not to reduce a sentence is reviewed for an abuse of discretion. In conducting our review, we consider the entire record and apply the same reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984). Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Applying those standards, Rodriguez has failed to show an abuse of discretion.

Shepherd argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Shepherd's case. The record does not indicate that a unified term of ten years, with a minimum period of confinement of three years, was an abuse of discretion in this case. Accordingly, the sentence is affirmed.

The order of the district court relinquishing jurisdiction and Shepherd's sentence are affirmed.