**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50218**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **OPINION Filed:  December 12, 2023** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | |
| JASON E. MARTIN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Davis VanderVelde, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Erik R. Lehtinen, Interim, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Jason E. Martin appeals from the order relinquishing jurisdiction.  For the following reasons, we affirm the district court's order relinquishing jurisdiction.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Martin with felony operating a motor vehicle while under the influence of alcohol (third offense in ten years), Idaho Code §§ 18-8004, 18-8005.  Martin pleaded guilty to the charge in exchange for the State agreeing to be bound by the recommendation of the Presentence Investigation Report (PSI).  The district court imposed a unified sentence of nine years, with three years determinate, and retained jurisdiction.  Thereafter, a jurisdictional review hearing was held.  At the hearing, both the State and Martin recommended Martin be placed on probation; the addendum to the presentence investigation report (APSI) also recommended

1

probation. After reviewing the APSI, hearing the recommendations from the parties, and considering the statutory guidelines and the goals of sentencing, the district court relinquished jurisdiction over Martin. Martin filed an Idaho Criminal Rule 35 motion to reduce his sentence which was denied; the denial is not at issue in this appeal. Martin timely appealed from the order relinquishing jurisdiction.

## II.

## STANDARD OF REVIEW

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Martin alleges the district court failed to exercise reason in reaching its decision to relinquish jurisdiction because the court lacked sufficient information to determine that probation was inappropriate in light of the information that Martin performed well on his period of retained jurisdiction, and Idaho Department of Correction, the State, and Martin recommended probation. The State argues the district court correctly reached a decision to relinquish jurisdiction based on Martin's performance while on his rider, the seriousness of the underlying crime, and Martin's criminal history. The State also argues that despite Martin's claim that the district court had insufficient information on which to base its decision, Martin does not point to what additional information would have been relevant or necessary for the district court's review.

A district court's decision to relinquish jurisdiction is not an abuse of discretion if the district court has sufficient information to determine that a suspended sentence and probation would be inappropriate pursuant to I.C. § 19-2521. *State v. Brunet*, 155 Idaho 724, 729, 316 P.3d 640, 645 (2013). The collective weight of the information available to the district court can provide

a sufficient basis to render a decision regarding relinquishment of jurisdiction. *Id*. The recommendation from the IDOC is "purely advisory and is not binding upon the court." *State v. Komen*, 160 Idaho 534, 536, 376 P.3d 738, 740 (2016). Further, "good performance [on a rider], does not alone create an abuse of discretion in the district judge's decision not to place the defendant on probation." *State v. Statton*, 136 Idaho 135, 137, 30 P.3d 290, 292 (2001). A district court may properly consider all of the circumstances to assess the defendant's ability to succeed in a less structured environment. *Id.* Martin alleges the district court did not reach its decision to relinquish jurisdiction by exercising reason. He supports that claim by citing to the district court's explanation for relinquishing jurisdiction. For example, the district court found that Martin attempted to manipulate staff, used the medical process for that manipulation, and seemed to only follow rules when he thought the rules were in his best interest. Martin argues that he suffers from serious health issues and it was advocating for treatment for those health issues that caused the informal disciplinary warnings he received during his rider.

During his time on the rider, Martin received nine informal disciplinary warnings. Additionally, the APSI indicated that Martin was difficult to work with, manipulative towards staff, and unwilling to follow certain processes for services. Despite this, the APSI concluded Martin's progress was evident from the absence of formal reprimands during his rider and he appeared to be on the right path. The APSI recommended probation. Although the State had concerns because of Martin's substantial prior criminal history, the close temporal proximity of his prior DUI convictions, his difficulty with staff during his rider, and the informal disciplinary warnings Martin received, the State concurred in the recommendation for probation.

The record in this case shows that the district court properly considered the information before it and exercised reason in arriving at its conclusion. The district court considered the guidelines set forth in I.C. § 19-2521, including the goals of sentencing, protection of the public and society, deterrence, rehabilitation, and punishment. This was Martin's third DUI conviction within a few years and occurred shortly after completing a supervised rehabilitation program. The district court expressed concerns about Martin's ability to follow the numerous rules and conditions required by probation, stating:

> I have closely reviewed the file in this case. I've closely reviewed the APSI in this case. And while I appreciate the recommendations that have been made here today, the rider is really an assessment tool to see how you will do in the community.

And Mr. Martin, as I read through this report, while you didn't have formal discipline, over and over again there were issues on this rider where you attempted to manipulate staff, you used the process for that manipulation, and you seemed to only follow rules when you think the rules are in your best interest.

Given that information, I don't believe that you would succeed on probation.

Martin contends that the district court did not have sufficient information and therefore could not have exercised reason in arriving at its conclusion. However, the type of information considered by the district court in this case--the underlying criminal file, including the PSI and the updated information contained in the APSI--is sufficient for the district court to determine whether to place a defendant on probation or relinquish jurisdiction. In *State v. Haws*, 167 Idaho 471, 472 P.3d 576 (2020), the Idaho Supreme Court held that the district court had sufficient information to conclude Haws presented an undue risk if placed on probation based on the district court's review of Haws' criminal record, prior probation violations, and failure to take advantage of treatment opportunities. *Id*. at 480, 472 P.3d at 585. Similarly, in *Brunet*, the Court held the APSI, the notes from sentencing, and parts of the original PSI were more than sufficient for the district court to decide to relinquish jurisdiction. *Brunet*, 155 Idaho at 728, 316 P.3d at 644.

This Court will not overturn a district court's factual findings regarding aggravating and mitigating factors unless those decisions are clearly erroneous. *State v. Bodenbach*, 165 Idaho 577, 592, 448 P.3d 1005, 1020 (2019). The district court made factual findings that Martin manipulated IDOC staff, used IDOC processes for that manipulation, and only followed the rules that were in his own self-interest. As a result of Martin's behavior, the court found that probation was not appropriate. The district court's factual findings were not clearly erroneous. Essentially, Martin disagrees with the district court's conclusion and asks us to reweigh the evidence regarding his performance during the period of retained jurisdiction, which we decline to do. *See State v. Wilson*, 172 Idaho 495, 500, 534 P.3d 547, 552 (2023) (noting Idaho appellate courts do not reweigh evidence).

The district court did not abuse its discretion when it relinquished jurisdiction over Martin. The court recognized its own discretion and acted within the bounds of that discretion when it relinquished jurisdiction. The court acted consistently with the applicable legal standards, considered the information before it, the statutory guidelines, and the objectives of criminal sentencing. Additionally, the district court exercised reason when it concluded, in light of the information available, the totality of the circumstances, and the applicable standards that Martin's

4

performance on his rider and his criminal history indicated that probation was not appropriate. The district court did not abuse its discretion in relinquishing jurisdiction.

## IV.

## CONCLUSION

Martin has failed to show the district court abused its discretion in relinquishing jurisdiction. The order relinquishing jurisdiction is affirmed.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.

5