30 P.3d 290

STATE of Idaho, Plaintiff–Respondent,

v.

Jay STATTON, Defendant–Appellant.

No. 26947.

Supreme Court of Idaho.
Moscow, February 2001 Term.

July 27, 2001.

Ronaldo A. Coulter, State Appellate Public Defender, Boise, for appellant; Richard J.

Hansen, Deputy State Appellate Public Defender, argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondent; Rebekah A. Cude, Special Deputy Attorney General, argued.

TROUT, Chief Justice.

This is an appeal from the district judge's Order Relinquishing Jurisdiction and Order Denying Motion For Reconsideration of Sentence.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts and issues presented in this case are similar to those presented in State v. Coassolo, 136 Idaho 138, 30 P.3d 293 (2001).

Jay Statton ("Statton") pleaded guilty to first-degree arson and was sentenced to a unified term of imprisonment of ten years with two years determinate. Pursuant to I.C. § 19–2601(4), the district judge retained jurisdiction for 180 days and placed Statton in the "rider" program at the North Idaho Correctional Institution ("NICI"). Statton entered the NICI on October 13, 1998.

On January 21, 1998, the NICI submitted its evaluation of Statton to the district judge in the form of an addendum to the presentence investigation report ("PSI"). Pursuant to a 1995 amendment to the retained jurisdiction statute, the NICI did not provide Statton with a hearing at which he could contest the accuracy and fairness of the evaluation. Although offered the opportunity to submit written comments along with the report, Statton refused because he had already sent the judge a letter. Upon reviewing the amended PSI, the district judge relinquished jurisdiction.

Statton filed a Motion To Reconsider the Order Relinquishing Jurisdiction. Statton also submitted a Motion for Transport so he could attend a hearing on the reconsideration motion, but the district judge denied the motion. On April 15, 1999, the district judge held a hearing on the motion to reconsider, which the district judge characterized as an

I.C.R. 35 motion for leniency. The district judge denied the motion on the grounds that NICI believed Statton had substance abuse and psychological problems.

Statton appealed, claiming the district judge violated his due process rights and in the alternative that the district judge erred on the merits in relinquishing jurisdiction and refusing to reduce his sentence. Statton's appeal was assigned to the Court of Appeals. The Court of Appeals held that the 1995 amendment to I.C. § 19–2601(4), which eliminated hearings at the NICI on the accuracy of amendments to the PSI, was unconstitutional because it attempted to eliminate the due process required to protect Statton's liberty interest in the accuracy of the NICI's report. Since Statton had been denied due process of law, the Court of Appeals reversed and remanded the Order Relinquishing Jurisdiction.

The state filed a timely Petition for Review with this Court, which petition was granted.

## II.

## STANDARD OF REVIEW

When considering a case on review from the Court of Appeals, this Court gives serious consideration to the views of the Court of Appeals; however, this Court reviews the trial court's decisions directly. State v. Benefiel, 131 Idaho 226, 228, 953 P.2d 976, 978 (1998) (citing State v. Avelar, 129 Idaho 700, 702, 931 P.2d 1218, 1220 (1997)). Constitutional issues and the construction and application of legislative acts are pure questions of law over which this Court exercises free review. Struhs v. Prot. Tech., Inc., 133 Idaho 715, 718, 992 P.2d 164, 167 (1999).

## III.

## DISCUSSION

A. **Statton Does Not Possess A Constitutionally Protected Liberty Interest That Would Require A Hearing Before The District Judge Relinquishes Jurisdiction.**

As in Coassolo, Statton argues that because he has a protected liberty interest in

the accuracy of his NICI evaluation, I.C. § 19–2601(4) is either unconstitutional or means that a hearing must now be provided in the district court before retained jurisdiction can be relinquished. For the reasons set forth in *Coassolo*, we hold that Statton does not have a constitutionally protected liberty interest which would require a hearing at the NICI or in district court before jurisdiction is relinquished.

**B. The District Judge Did Not Abuse His Discretion In Relinquishing Jurisdiction And Refusing To Reduce Statton's Sentence Based Upon Statton's Performance At NICI.**

A district court's decision to relinquish jurisdiction is reviewed by this Court for an abuse of discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981). "Refusal to retain jurisdiction will not be deemed a 'clear abuse of discretion' if the trial court has sufficient information to determine that a suspended sentence and probation would be inappropriate under [I.C. § 19–2521]." *State v. Merwin*, 131 Idaho 642, 648, 962 P.2d 1026, 1031 (1998) (quoting *State v. Chapel*, 107 Idaho 193, 194, 687 P.2d 583, 584 (Ct.App.1984)). An order denying a motion for reduction of sentence under I.C.R. 35 is also reviewed for an abuse of discretion. *Merwin*, 131 Idaho at 648, 962 P.2d at 1026. If the sentence is found to be reasonable at the time of pronouncement, the defendant must then show that it is excessive in view of the additional information presented with the motion for reduction. *State v. Moore*, 131 Idaho 814, 825, 965 P.2d 174, 185 (1998).

Statton does not challenge the reasonableness of the initial sentence; instead, he claims the sentence should be reduced in light of his performance at NICI. He argues the decision not to place him on probation or reduce the sentence is an abuse of discretion because the district judge relied upon the NICI's recommendation, which is not supported by facts.

Good performance at NICI, though commendable, does not alone create an abuse of discretion in the district judge's decision not to place the defendant on probation or reduce the sentence. The district judge considers all of the circumstances to assess the defendant's ability to succeed in a less structured environment and to determine the course of action that will further the purposes of rehabilitation, protection of society, deterrence, and retribution.

The report contains facts, which support the human services supervisor's and the district judge's conclusion that Statton will likely relapse into substance abuse and violate the terms of his probation. Statton admits he has emotional and anger management problems that have not been fully addressed. Finally, Statton's immaturity problem, which contributed to his poor performance during an earlier period of probation, continues to be a concern. Given these facts, the district court could properly conclude that Statton was not a good candidate for probation and that a reduction in sentence was inappropriate.

## IV.

## CONCLUSION

Since Statton did not possess a constitutionally protected liberty interest, the district judge did not violate Statton's due process rights by relinquishing jurisdiction without holding a hearing on the accuracy of NICI's report. The district judge did not err on the merits in relinquishing jurisdiction and denying the Rule 35 motion for leniency. The Order Relinquishing Jurisdiction and Order denying the Motion to Reconsider are affirmed.

Justices WALTERS, KIDWELL and EISMANN, CONCUR.

Justice SCHROEDER, Dissenting.

I respectfully dissent from that portion of the Court's decision that determines Statton does not possess a constitutionally protected liberty interest that requires a hearing before the district judge relinquishes jurisdiction. Doubtless the legislature can determine that no such hearing is necessary before the board or department of correction. Nevertheless, the due process right of an inmate to be heard in some meaningful manner and forum remains.

In *Wolfe*, this Court placed responsibility for the conduct of a hearing with the department of correction. The logic and practicality of that decision were obvious. The inmate and virtually all persons who would have relevant information were at the site where the inmate was held. The report to the judge would include this information so the judge would have a full statement upon which to base a decision. The procedure centralized the process instead of casting that burden to forty-four sites within the state where hearings might be held, often far from the location of witnesses and documentary material. However, the fact that a different system may be less efficient and more costly does not preclude its implementation. The due process right remains and must be satisfied in a meaningful way.

*Greenholtz* bears a strong resemblance to the facts of this case, but that resemblance is not a mirror image nor sufficiently reflected to determine that the logic of *Wolfe* is undermined. *Greenholtz* involved a parole revocation hearing. The sentencing process by the court had concluded. The only question that remained was whether the facts warranted a release through an administrative process. The retained jurisdiction process is distinguishable.

When the district court utilizes retained jurisdiction, sentencing by the court has not been completed. The district court may drop jurisdiction, in which case the defendant serves the sentence originally imposed. On the other hand, the district court may modify the sentence by shortening either the total sentence or the mandatory term that must be served. In most instances the primary consideration is whether to grant probation and suspend the balance of the sentence.

There are no doubt different motivations in the minds of district judges in retaining jurisdiction, but it is safe to say that in the majority of cases the judges have not completed the sentencing process. If the defendant fails to meet the goals of the retained jurisdiction, the judge may take no action, and the defendant serves the sentence originally imposed. But even this choice is a conscious decision arrived at based upon information submitted for the judge's consideration. The other alternatives require a similar thought process. Has the defendant shown the capacity to be placed on probation, avoiding the consequence of further incarceration in the penitentiary? In court proceedings for many years district judges have told defendants that if they do well they will be placed on probation. That is a primary goal of the program based upon the notion that both society and the individual defendant may benefit if the financial and human costs of continued incarceration are avoided.

In short, the district court's role in sentencing is not complete until the judge makes a decision at the end of the retained jurisdiction. This conclusion is buttressed by the language of I.C. § 19–2601 that, "[a]ny recommendation by the department to the court regarding the prisoner shall be in the nature of an addendum to the presentence report." The title "presentence report" is self-explanatory—it is a report created prior to sentencing. Anything that is "in the nature of an addendum to the presentence report" invokes the defendant's right to be heard prior to final sentencing by the court. In the past that forum was at the correctional facility where those most concerned were located. Before final sentencing the district court had the assurance that a fair process of evaluation existed. I.C. § 19–2601 removes that convenient and economical forum. It does not, however, eliminate the due process right of a defendant to be heard in a meaningful manner before final sentence is pronounced.