# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38416

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

NOAH LATNEAU,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

Boise, January 2013 Term

2013 Opinion No. 23

Filed: February 22, 2013

Stephen Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

The district court's order relinquishing jurisdiction is affirmed.

Sara B. Thomas, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

---

ON THE BRIEFS

PER CURIAM

This case arises from Noah Latneau's guilty plea to attempted strangulation of his wife. Originally, this appeal advanced three issues, two of which pertained to a no-contact order entered against Latneau which prohibited him from having any form of contact with his children for six and one-half years. We retained this case because of the issues relating to the no-contact order. However, after briefing was completed, the no-contact order was quashed, mooting those issues. Thus, the only remaining issue is whether the district court erred when it relinquished jurisdiction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Latneau was charged with attempted strangulation and misdemeanor domestic assault. He pled guilty to the attempted strangulation charge, and the State dismissed the misdemeanor domestic assault charge. He was sentenced to seven years, with two years fixed, and the court retained jurisdiction. Following the period of retained jurisdiction, the court relinquished

jurisdiction, citing Latneau's history of domestic abuse, history of substance abuse, his performance during the retained jurisdiction program, and his mental health evaluation, which reported that Latneau has anger issues, low insight, a long history of abusive behavior, and represents a high risk to reoffend.

## II. ANALYSIS

The Legislature has explicitly provided that the decision whether to retain jurisdiction and place the defendant on probation or relinquish jurisdiction to the Department of Corrections is a matter of discretion. I.C. § 19-2601(4). Thus, we review a decision to relinquish jurisdiction for abuse of discretion. *State v. Statton*, 136 Idaho 135, 137, 30 P.3d 290, 292 (2001). A court properly exercises its discretion when it (1) correctly perceives that the issue to be one of discretion, (2) acts within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and (3) reaches its decision by an exercise of reason. *State v. Cobler*, 148 Idaho 769, 771, 229 P.3d 374, 376 (2010).

In this case, the district judge postponed the jurisdictional review hearing so that a mental health evaluation could be performed. The court reviewed that report and the presentence report[1] before relinquishing jurisdiction. The court noted that the mental health evaluation took place following Latneau's completion of the rider program. The district court expressed concern about Latneau's performance while on retained jurisdiction, including snorting another inmate's prescription medication. The court also expressed concern for the defendant's "history of misdemeanor conduct, violating no-contact order, assault, disorderly conduct, couple of those, driving without privileges." The court considered the mental health evaluator's finding that Latneau had "anger issues, a high risk to reoffend, long time history of abusive behavior, history of violent charges and low insight." In conclusion, the court stated, "So all of this, the mental health evaluation, the rider, your conduct on the rider, your PSI indicates to me that you are not going to be a good candidate for probation. You're not going to make it."

From the district judge's statements, it is clear that she recognized the issue as discretionary, understood the outer bounds of her discretion, and applied reason in reaching her decision. Thus, we hold that the district court did not abuse its discretion in relinquishing jurisdiction.

---

[1] The parties waived preparation of a presentence report prior to sentencing. The report was prepared for the court during the period of retained jurisdiction.

## III. CONCLUSION

We affirm the district court's order relinquishing jurisdiction.