IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 43946

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

SONNIE FLORES,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Idaho Falls, May 2017 Term

2017 Opinion No. 68

Filed: June 20, 2017

Karel A. Lehrman, Clerk

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

District court order relinquishing jurisdiction and declining to reinstate jurisdiction, <u>affirmed.</u>

Eric D. Fredericksen, Idaho State Appellate Public Defender, Boise, for appellant. Sally J. Cooley, Deputy Appellate Public Defender argued.

Hon Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth K. Jorgensen, Deputy Attorney General argued.

_____

BURDICK, Chief Justice.

Sonnie Flores appeals from the Twin Falls County district court's orders relinquishing jurisdiction and declining to reinstate jurisdiction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In September 2012, the State charged Flores with one felony count of eluding a peace officer. Flores pled guilty to the charge. The district court described the subsequent proceedings as follows:

> On 01/14/13, a Judgment of Conviction was entered in the case against the defendant. The sentence imposed consisted of a 5-year unified sentence, comprised of a 3-year determinate period of confinement, followed by a 2-year indeterminate period of confinement. However, the execution of said sentence was suspended and the defendant was placed on probation for a period of 4 years. On 01/20/15, this probation was revoked and the original sentence was reinstated.

1

However, the execution of that sentence was again suspended and the defendant was again placed on probation for a period of 2 years. On 08/07/15, this probation was revoked and the original sentence was reinstated. However, pursuant to I.C. § 19-2601(4), the Court suspended the execution of the judgment during the first three hundred sixty-five (365) days of the sentence to the custody of the Idaho State Board of Correction, during which time the Court retained jurisdiction over the defendant.

Roughly four months after the district court retained jurisdiction on August 7, 2015, the North Idaho Correctional Institution (NICI) filed an addendum to the presentence investigation report (NICI's report) as permitted by Idaho Code section 19-2601(4). NICI's report informed the district court that NICI had classified Flores as a security risk and removed him from the NICI facility. NICI's report detailed Flores's misconduct and gang-oriented behavior and recommended that the district court relinquish jurisdiction. The district court summarized NICI's report as follows:

> [NICI's] report describes how FLORES created and possessed gang related items and drawings and was actively involved in workouts that were aimed at encouraging and enforcing gang hierarchy and behavior. He was also closely associated with inmates who were instrumental in planning and carrying out a disciplinary assault and battery on another inmate. Additionally, FLORES was found to have used the PIN numbers of nine other offenders to make personal phone calls. Overall, NICI staff has concluded that FLORES poses a security risk to the program and that therefore, the court should relinquish jurisdiction.

The district court followed NICI's recommendation and relinquished jurisdiction on December 15, 2015. On December 30, 2015, Flores moved the district court to reinstate jurisdiction so that he could complete his retained jurisdiction program. The district court denied Flores's motion. Flores timely appeals.

## II.    ISSUES ON APPEAL

1.    Did the district court err by relinquishing jurisdiction over Flores?
2.    Did the district court err by denying Flores's motion to reconsider?

## III.    ANALYSIS

**A.    The district court did not err by relinquishing jurisdiction over Flores.**

"[W]e review a decision to relinquish jurisdiction for abuse of discretion." *State v. Latneau*, 154 Idaho 165, 166, 296 P.3d 371, 372 (2013). To determine whether the district court abused its discretion, we examine whether the district court: (1) correctly perceived the issue as discretionary; (2) acted within the outer boundaries of its discretion and consistently with

relevant legal standards; and (3) reached its decision by an exercise of reason. *Swallow v. Emergency Med. of Idaho, P.A.*, 138 Idaho 589, 592, 67 P.3d 68, 71 (2003).

We find no abuse of discretion in the district court's decision to relinquish jurisdiction. After recognizing the issue as discretionary, the district court cited several relevant cases for the governing law. It then found it proper to relinquish jurisdiction, reasoning that Flores had

> created and possessed gang related items and drawings and was actively involved in workouts that were aimed at encouraging and enforcing gang hierarchy and behavior. He was also closely associated with inmates who were instrumental in planning and carrying out a disciplinary assault and battery on another inmate. Additionally, FLORES was found to have used the PIN numbers of nine other offenders to make personal phone calls.

The record supports the district court's findings. The district court primarily relied on NICI's report. NICI's report discusses Flores's misconduct and gang-oriented behavior. His misconduct included (1) unauthorized transfer of property; (2) failing to be inspection ready; (3) showering outside authorized times; (4) foul language; and (5) horseplay. His gang-oriented behavior included (1) participating in workouts structured to enforce gang hierarchy; (2) associating with inmates who assaulted and battered another inmate; and (3) possessing items indicating gang affiliation. Based on Flores's misconduct and gang-oriented behavior, NICI classified Flores as a security risk and removed him from the facility. Granted, NICI's report noted that Flores began his retained jurisdiction program with a "promising start" and commended him for his (1) "willingness to change his criminal thinking and behavior"; (2) "progress on his assignments and beginning to speak up in classes"; and (3) "desire to end his active addiction to Methamphetamine." NICI's report also stated that, while Flores "is a poor candidate for probation at this time[,] . . . . given another opportunity at treatment in a secure facility, he may finish his 'Rider' and be a successful candidate for probation."

Even so, we find no abuse of discretion in the district court's decision to relinquish jurisdiction. These successes all center on Flores's conduct at NICI. But as we have explained previously, "[g]ood performance at NICI, though commendable, does not alone create an abuse of discretion in the district judge's decision not to place the defendant on probation or reduce the sentence." *State v. Statton*, 136 Idaho 135, 137, 30 P.3d 290, 292 (2001). Thus, the district court did not err by relinquishing jurisdiction.

**B. The district court did not err by denying Flores's motion to reconsider.**

Flores next contends the district court erred by denying his motion to reconsider in which he requested the district court to reinstate jurisdiction. Idaho Code section 19-2601(4) governs retained jurisdiction and provides:

> Whenever any person shall have been convicted, or enter a plea of guilty, in any district court of the state of Idaho, of or to any crime against the laws of the state, except those of treason or murder, the court in its discretion may:
>
> . . . .
>
> Suspend the execution of the judgment at any time during the first three hundred sixty-five (365) days of a sentence to the custody of the state board of correction. The court shall retain jurisdiction over the prisoner for a period of up to the first three hundred sixty-five (365) days. Except as provided for in section 19-2601A, Idaho Code, during the period of retained jurisdiction, the state board of correction shall be responsible for determining the placement of the prisoner and such education, programming and treatment as it determines to be appropriate. The prisoner will remain committed to the board of correction if not affirmatively placed on probation by the court. In extraordinary circumstances, where the court concludes that it is unable to obtain and evaluate the relevant information within the period of retained jurisdiction, or where the court concludes that a hearing is required and is unable to obtain the defendant's presence for such a hearing within such period, the court may decide whether to place the defendant on probation or release jurisdiction within a reasonable time, not to exceed thirty (30) days, after the period of retained jurisdiction has expired. Placement on probation shall be under such terms and conditions as the court deems necessary and appropriate. The court in its discretion may sentence a defendant to more than one (1) period of retained jurisdiction after a defendant has been placed on probation in a case or following release from commitment to the department of juvenile corrections pursuant to section 19-2601A, Idaho Code. In no case shall the board of correction or its agent, the department of correction, be required to hold a hearing of any kind with respect to a recommendation to the court for the grant or denial of probation. Probation is a matter left to the sound discretion of the court. Any recommendation made by the state board of correction to the court regarding the prisoner shall be in the nature of an addendum to the presentence report. The board of correction and its agency, the department of correction, and their employees shall not be held financially responsible for damages, injunctive or declaratory relief for any recommendation made to the district court under this section.

"The interpretation of a statute is a question of law that the Supreme Court reviews de novo." *Hayes v. City of Plummer*, 159 Idaho 168, 170, 357 P.3d 1276, 1278 (2015). Statutory interpretation begins with the statute's plain language. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). That language "is to be given its plain, obvious and rational meaning." *Id.*

4

If that language is clear and unambiguous, "the Court need merely apply the statute without engaging in any statutory construction." *Id.*

In this case, the district court relinquished jurisdiction on December 15, 2015. Flores filed a motion under Idaho Criminal Rule 35 on December 30, 2015, asking the district court to reinstate jurisdiction. He asserted that the district court could reinstate jurisdiction, notwithstanding that jurisdiction had already been relinquished, because the district court's order on August 7, 2015, instructed that it would retain jurisdiction for 365 days. The district court disagreed, concluding it could not reinstate jurisdiction. The district court was correct.

We first observe that Flores's motion was filed under Idaho Criminal Rule 35 as a motion to reconsider. However, Rule 35 does not create a general basis for requesting reconsideration of an order or a judgment in the criminal context. Rule 35 instead narrowly operates to permit the correction, modification, or reduction of criminal sentences in certain instances. Flores's request for jurisdiction to be reinstated does not constitute a correction, modification, or reduction of a criminal sentence. Thus, Rule 35 is inapplicable here.[1]

Not only is Rule 35 inapplicable, but so too is Idaho Code section 19-2601(4). The plain terms of the statute preclude the district court from reinstating jurisdiction in this case. Indeed, section 19-2601(4) provides that "[t]he prisoner will remain *committed* to the board of correction *if not affirmatively placed on probation by the court*." (emphases added). Flores's request further conflicts with the statute's sole reference to additional periods of retained jurisdiction, which is that a district court may order additional periods of retained jurisdiction only "after a defendant has been placed on probation[.]" I.C. § 19-2601(4). Flores acknowledges this requirement, but emphasizes how the district court retained jurisdiction for 365 days on August 7, 2015, and relinquished jurisdiction on December 15, 2015. He therefore maintains that he was not requesting an additional period of retained jurisdiction, but only "another chance" at his initial period of retained jurisdiction. Flores, however, overlooks that section 19-2601(4) allows jurisdiction to be retained for "a period of *up to* the first three hundred sixty-five (365) days." (emphasis added). And during the period of retained jurisdiction, the district court has discretion to relinquish jurisdiction at any time. *See, e.g.*, *State v. Brunet*, 155 Idaho 724, 729, 316 P.3d 640, 645 (2013); *State v. Coassolo*, 136 Idaho 138, 143, 30 P.3d 293, 298 (2001). Since

---

[1] In fact, there is no criminal procedural rule that provides a basis to reconsider a decision of this kind. The Idaho Rules of Criminal Procedure have nothing similar to Idaho Rule of Civil Procedure 11.2(b)(1).

jurisdiction was relinquished in this case, Flores's request amounts to a request for an additional period of retained jurisdiction precluded by section 19-2601(4).

Accordingly, section 19-2601(4), which governs retained jurisdiction, does not authorize what Flores has requested. This is critical because, in the sentencing context, "[e]xcept in matters where the court has inherent power . . . the sentencing court has only the authority granted by the legislature." *State v. Funk*, 123 Idaho 967, 969, 855 P.2d 52, 54 (1993); *see also* Idaho Const. art. V, § 2 ("The jurisdiction of such inferior courts shall be as prescribed by the legislature."). We conclude that the district court properly denied Flores's motion to reconsider.[2]

## IV.    CONCLUSION

We affirm the orders of the district court.

Justices EISMANN, JONES, HORTON and SIMPSON, J., Pro Tem, **CONCUR.**

---

[2] Because we affirm on this basis, we need not reach Flores's argument that the district court abused its discretion by denying his motion to reconsider on the merits. The district court never reached the merits Flores's motion to reconsider. Instead, as a threshold matter, the district court held, and we now affirm, that it could not reinstate jurisdiction in this case.