# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46061

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 6, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JESSICA MAY SPETH, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Jonathan P. Brody, District Judge.

Order denying motion to reconsider the district court's order relinquishing jurisdiction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Jessica May Speth entered an *Alford*[1] plea to grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b)(1), 18-2409. The district court imposed an eight-year sentence, with three years determinate, suspended the sentence, and placed Speth on probation. Subsequently, Speth admitted to violating the terms of the probation. The district court revoked probation, but retained jurisdiction.[2] After receipt of an addendum to the presentence investigation report, the

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).
[2]     The order retaining jurisdiction indicates a unified eight-year sentence, with five years determinate. Since this appeal, Speth filed a motion to amend the order retaining jurisdiction to

1

district court relinquished jurisdiction without a hearing. Speth filed a motion to reconsider the order relinquishing jurisdiction. The district court held that it did not have jurisdiction to reinstate jurisdiction over Speth and denied the motion. Speth appeals, asserting the district court abused its discretion by denying her motion to reconsider the order relinquishing jurisdiction.

The Idaho Rules of Criminal Procedure have no rule similar to Idaho Rule of Civil Procedure 11.2(1) motion for reconsideration. *State v. Flores*, 162 Idaho 298, 302 n.1, 396 P.3d 1180, 1184 n.1 (2017). In *Flores*, the district court considered Flores's motion to reconsider which sought the district court to reinstate jurisdiction after the district court relinquished jurisdiction. The Idaho Supreme Court held:

> We first observe that Flores's motion was filed under Idaho Criminal Rule 35 as a motion to reconsider. However, Rule 35 does not create a general basis for requesting reconsideration of an order or a judgment in the criminal context. Rule 35 instead narrowly operates to permit the correction, modification, or reduction of criminal sentences in certain instances. Flores's request for jurisdiction to be reinstated does not constitute a correction, modification, or reduction of a criminal sentence.

*Id.* at 301-02, 396 P.3d at 1183-84. A request to reinstate jurisdiction does not constitute a correction, modification, or reduction of a criminal sentence and I.C.R. 35 is not applicable to a motion to reinstate jurisdiction after it has been relinquished. *Id.* at 302, 396 P.3d at 1184. The *Flores* Court held "there is no criminal procedural rule that provides a basis to reconsider a decision" denying a request for jurisdiction to be reinstated. *Id.* at 301 n.1, 396 P.3d at 1184 n.1.

Therefore, the district court's order denying Speth's motion to reconsider the order relinquishing jurisdiction is affirmed.

---

the original sentence of eight-years, with three years determinate. The district court granted the motion.