# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50650

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>JOEY ALLEN TUDI,<br><br>    Defendant-Appellant. | )<br>)  Filed:  November 29, 2023<br>)<br>)  Melanie Gagnepain, Clerk<br>)<br>)  THIS IS AN UNPUBLISHED<br>)  OPINION AND SHALL NOT<br>)  BE CITED AS AUTHORITY<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. James S. Cawthon, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Joey Allen Tudi pled guilty to possession of a controlled substance.  I.C. § 37-2732(c).  In exchange for his guilty plea, an additional charge was dismissed.  The district court sentenced Tudi to a unified term of five years, with a minimum period of confinement of two years.  The district court retained jurisdiction, and Tudi was sent to participate in the rider program.

After Tudi completed his rider, the district court relinquished jurisdiction.  Tudi filed an I.C.R. 35 motion for a reduction of his sentence, which the district court denied.  Tudi appeals, claiming that the district court erred by refusing to grant probation.

1

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

Good performance on a rider, though commendable, does not alone create an abuse of discretion in the district court's decision not to place the defendant on probation or reduce a sentence. *State v. Statton*, 136 Idaho 135, 137, 30 P.3d 290, 292 (2001). The district court considers all of the circumstances to assess a defendant's ability to succeed in a less-structured environment and to determine the course of action that will further the purposes of rehabilitation, protection of society, deterrence, and retribution. *Id*.

The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Tudi has failed to show that the district court abused its discretion in relinquishing jurisdiction. The order of the district court relinquishing jurisdiction and Tudi's sentence are affirmed.