**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49877**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  December 12, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| ESEQUIEL A. RUIZ, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Javier Gabiola, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Esequiel A. Ruiz appeals from the district court's order relinquishing jurisdiction.  Ruiz argues that the district court abused its discretion in relinquishing jurisdiction without explanation and without a jurisdictional review hearing.  The State argues that the district court did not abuse its discretion in relinquishing jurisdiction because it had sufficient information to determine that probation would be inappropriate.

## I.

## STATEMENT OF FACTS

Ruiz was observed stealing packages from doorsteps.  Pursuant to a plea agreement, Ruiz pled guilty to grand theft, Idaho Code § 18-2407(1)(b)(9).  The district court sentenced Ruiz to a unified term of eight years with four years determinate and placed him on probation.  Subsequently, Ruiz admitted to violating his probation.  The district court revoked probation,

1

executed the original sentence, and retained jurisdiction. A program manager with the North Idaho Corrections Institute recommended Ruiz be placed on supervised probation and Ruiz signed an agreement of supervision. Ruiz did not request a jurisdictional review hearing. The district court relinquished jurisdiction. Ruiz appeals from the district court's order relinquishing jurisdiction.

## II.

## STANDARD OF REVIEW

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Ruiz argues that the district court abused its discretion by failing to hold a rider review hearing or otherwise explain its decision to relinquish jurisdiction where the rider staff recommended probation; the prosecutor did not object to the recommendation; Ruiz signed an agreement of supervision in anticipation of being placed on probation; and the district court was notified by the rider staff of Ruiz's availability for a rider review hearing. The State argues that good performance on a rider alone cannot show that a district court abused its discretion by relinquishing jurisdiction, nor can declining to follow a recommendation from the program manager. Additionally, the State argues that the district court is not required to provide an explanation for relinquishing jurisdiction.

As a threshold matter, Ruiz asks this Court to require the district court to provide an explanation when it relinquishes jurisdiction, particularly when the recommendation from the retained jurisdiction program manager was probation. We decline to do so. Ruiz cites no case law that requires the district court to provide such an explanation. Rather, there is case law that supports the contrary position. *State v. Statton*, 136 Idaho 135, 137, 30 P.3d 290, 292 (2001). The

2

Idaho Supreme Court in *Statton* held that a defendant is not required to have a hearing before jurisdiction is relinquished. *Id*. The Idaho appellate courts have neither required a hearing nor an explanation of the reasons for relinquishment from the trial court. Ruiz asserts a belief that the district court may have made a mistake in relinquishing jurisdiction over him. In addition, he contends that because of the holdings in *State v. Flores*, 162 Idaho 298, 396 P.3d 1180 (2017) and *State v. Reilly*, 169 Idaho 801, 503 P.3d 1017 (Ct. App. 2021), he had no recourse in the district court in the event the district court mistakenly relinquished jurisdiction. First, Ruiz claims that he expected to get a rider review hearing but did not request one. Second, Ruiz essentially asks this Court to speculate that the district court did not give due consideration to the relinquishment decision. There is no evidence in the record to show that the district court abused its discretion by mistakenly relinquishing jurisdiction. While Ruiz contends the district court abused its discretion, he acknowledges that "it is impossible to say from the record before this Court."

Next, we address whether the district court abused its discretion in relinquishing jurisdiction. In *State v. Hansen*, 154 Idaho 882, 889, 303 P.3d 241, 248 (Ct. App. 2013), the Court held: "A court's decision to relinquish jurisdiction will not be deemed an abuse of discretion if the trial court has sufficient information to determine that a suspended sentence and probation would be inappropriate." The record indicates that the district court had sufficient information to determine that a suspended sentence and probation would be inappropriate. We recognize that the rider program manager recommended probation. But, good performance on a rider does not alone demonstrate an abuse of discretion in the district judge's decision to relinquish jurisdiction. *Statton*, 136 Idaho at 137, 30 P.3d at 292. A probation recommendation is not binding on the district court. Moreover, Ruiz had five written warnings, one incident, and three infractions while on his rider. The record before the district court also included: (1) that Ruiz admitted to violating the terms of probation, including a domestic incident with his wife, and by failing to take his mental health medications and complete domestic violence treatment; (2) the probation officer's conclusion, prior to Ruiz's rider, that Ruiz had reverted to past behaviors and failed to address his criminal thinking, mental health, and anger issues; and (3) Ruiz's substantial criminal history, including arson, battery, assault, theft, and resisting. Considering the information available, the district court could appropriately determine that probation was not the appropriate course of action in Ruiz's case. The district court's order relinquishing jurisdiction is affirmed.

3

## IV.
## CONCLUSION

Ruiz has failed to demonstrate the district court abused its discretion.  Therefore, we affirm the district court's order relinquishing jurisdiction.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.